# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 11830.—Reversed and remanded.)

THE N. K. FAIRBANK COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROSE A. McGUIRE, Admx., Defendant in Error.)

*Opinion filed October 21, 1918.*

1. WORKMEN'S COMPENSATION—*statute not intended to make employer an insurer during whole period of employment.* The Workmen's Compensation act was not intended to make an employer who comes within the terms of the act an insurer of the safety of his employees at all times during the period of the employment.

2. SAME—*liability of the employer ceases when work for day is ended and employee leaves.* When the work for the day has ended and the employee has left the premises of the employer to go to his home the liability of the employer, under the Workmen's Compensation act, ends, unless the employee, after leaving the premises, is incidentally performing some act for the employer under the contract of employment. (Language of *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76, modified.)

3. SAME—*limit of employer's liability.* Under the Workmen's Compensation act the employer is liable for compensation only for an injury which occurs to an employee while performing some act for the employer in the course of his employment or incidental to it.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

BRODE B. DAVIS, for plaintiff in error.

DITCHBURNE & WESTBERG, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error to review the judgment of the circuit court of Cook county confirming the decision and award of the Industrial Board. Claim was made by Rose McGuire, as administratrix, for compensation for the death of Michael McGuire, which resulted from an injury received by him on September 21, 1915, and which it is alleged arose out of and in the course of his employment with the N. K. Fairbank Company, plaintiff in error.

At the time of his death the deceased was in the employ of the plaintiff in error as weigher and receiver in its plant at Wentworth avenue and Eighteenth street, in the city of Chicago. In the performance of his duties he was occasionally required to visit the plants of others than plaintiff in error for the purpose of inspecting fats offered for sale to the plaintiff in error and obtaining samples of the same. The factory of plaintiff in error where the deceased performed his work as weigher and receiver closed at six o'clock P. M. On the day on which he was injured the deceased was sent to the plant of Darling & Co., in Chicago, to procure samples of fat. It was his custom on such occasions, if he could obtain the samples in time, to return to the plant of the plaintiff in error before six o'clock P. M., but if he could not finish his inspection and obtain the samples in time to return to the plant before closing time he would bring the samples to the plant of plaintiff in error the following morning. On the day of the accident the deceased completed his inspection of the samples and left the plant of Darling & Co. about 7:15 or 7:20 o'clock

P. M., carrying a small pail containing tallow with him. After leaving the plant of Darling & Co. he walked about two blocks to the corner of Forty-second street and Ashland avenue, where he was struck and killed by a street car about 7:40 or 7:45 o'clock P. M. He was seen by several witnesses between the time he left the plant of Darling & Co. and the time when he was struck by the street car, and an effort was made on the part of plaintiff in error to show that at the time he was struck by the street car he did not have in his possession the pail of tallow which he took with him when he left the plant of Darling & Co. In our view of the case it is immaterial whether or not he had left the pail of tallow with some friend in that locality until he should return for it on the following morning or whether he still had it in his possession at the time he was killed. The deceased had finished his work for the day and was on his way to his home at the time this accident occurred, and the sole question for our determination is whether the accident arose out of and in the course of his employment.

The Workmen's Compensation act is designed to protect workmen and compensate them for injuries received while performing any duty necessary to be performed in the course of their employment or incident to it. It was not intended by this act that the employer who comes within the provisions of the act shall be the insurer of the safety of his employee at all times during the period of the employment. The employer is liable for compensation only for an injury which occurs to the employee while performing some act for the employer in the course of his employment or incidental to it. When work for the day has ended and the employee has left the premises of his employer to go to his home the liability of the employer ceases, unless after leaving the plant of the employer the employee is incidentally performing some act for the employer under his contract of employment. It is true, in *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76, we said that where one is injured

while merely going to or returning from his employment the injury is considered to have occurred within the line of the employment. This language was not necessary to a decision of that case and should be modified. There may be circumstances under which an employee in going to and returning from the place of his employment would be held to be in the line of his employment, but those cases would be governed and controlled by their own particular circumstances. In this case there is no circumstance to show that after the deceased had left the plant of Darling & Co. he was performing any mission for his employer. He had completed his work for the day. It is true that he had in his possession a small pail of tallow which it was necessary for him to deliver at the plant of plaintiff in error the next morning, but if he still retained possession of this pail at the time he was injured he did so for his own convenience, and that fact did not contribute in any way to his injury.

An injury occurs in the course of the employment, within the meaning of the Workmen's Compensation act, when it occurs within the period of the employment at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it. (*Dietzen Co.* v. *Industrial Board,* 279 Ill. 11.) At the time the deceased was injured his duties for the day had ceased and he was on his way to his home. He was not doing anything incidental to his employment, and the applicant is not entitled to compensation for his death.

It was also contended that the injury to the deceased was the result of a risk to which the deceased was exposed equally with the general public. In the view we have taken it is not necessary to determine that question.

The circuit court erred in not setting aside the decision and award of the Industrial Board.

The judgment of the circuit court is reversed and the cause is remanded.          *Reversed and remanded.*