(No. 13046.—Reversed and remanded.)

LAURA A. SCHWEISS, Admx. Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(THE WABASH RAILWAY
COMPANY, Defendant in Error.)

*Opinion filed February 18, 1920—Rehearing denied April 9, 1920.*

1. WORKMEN'S COMPENSATION—*whether injury to employee go-
ing to or from work is in course of employment depends upon the
facts.* Whether an injury to an employee in going to or returning
from the place of his employment arises in the course of his em-
ployment depends upon the particular circumstances of each case.

2. SAME—*injury to a railroad employee while on right of way
does not necessarily arise out of employment.* Whether the injury
to an employee of a railroad who is struck by a train arises out
of and in the course of the employment is not determined solely by
the fact that he was on the employer's right of way, even though
at the time of the injury he was on his way to or from his work.

3. SAME—*general rule as to when an injury arises out of em-
ployment.* An injury arises out of the employment when there is
apparent to the rational mind, upon consideration of all the circum-
stances, a causal connection between the condition under which the
work is required to be performed and the resulting injury.

4. SAME—*when circuit court should allow motion to remand for
new hearing.* A motion, supported by affidavits, in the circuit court
to remand a case to the Industrial Commission for the taking of
additional evidence should be allowed, where it appears the Su-
preme Court has rendered a recent decision making the offered evi-
dence material which under former holdings had not been regarded
as necessary.

5. SAME—*custom of employees is material on question whether
injury arises out of employment.* As the question whether an in-
jury to an employee on the way to or from his work arises out
of his employment depends on the circumstances of each case, the
custom of the employees in choosing certain routes in going to or
returning from work is material on the question whether an injury
to a railroad employee who was struck by a train while going to
work on the employer's right of way arose out of the employment.

WRIT OF ERROR to the Circuit Court of Macon county;
the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

FANNIE A. BIVANS, for plaintiff in error.

HUGH W. HOUSUM, (N. S. BROWN, and L. H. STRASSER, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Henry M. Schweiss, the husband of plaintiff in error and an employee of the Wabash Railway Company at its shops in Decatur, Illinois, was struck by a fast train of that company while on his way to work on the morning of October 10, 1917, and died shortly thereafter as the result of the accident. His wife was appointed administratrix of his estate and made application for compensation against the railway company. The application was referred to an arbitrator, who decided in favor of the applicant. On review the Industrial Commission found that the accident did not arise out of and in the course of the employment and that therefore no compensation could be allowed. The circuit court of Macon county approved the finding of the Industrial Commission and certified that the cause was one proper to be reviewed by this court, and it has been brought here by writ of error.

The application was heard and the case tried on substantially the following stipulation of facts: That the employer and employee were on October 10, 1917, both under the provisions of the Workmen's Compensation act of this State; that deceased at the time of his injury was employed by the Wabash Railway Company as a pipe-fitter, putting in dry pipes in locomotives; that the place where he was employed in the locomotive shops was approximately 700 feet west of a public road called Geddes lane, in the city of Decatur; that Schweiss' place of residence was two blocks south of the Wabash Railway Company's right of way and two blocks east of Geddes lane, which extended across the railway right of way; that on the morning in question the deceased while on his way to work was struck by a Wabash fast passenger train 765 feet east of Geddes lane; that

Schweiss, to get to work on the day of his injury, ·could have˙ proceeded from his home west two blocks, then north two blocks on a public highway across the tracks, and then upon the north side of the railway right of way 700 feet west to the place of his employment. It was also stipulated that Schweiss' earnings would entitle the applicant to the maximum amount under the act, and it was admitted that the proper notices were given; that he left him surviving and dependent upon him for support his widow and seven children under the age of sixteen.

· The principal question in this case is whether, as Schweiss was injured on his way to· work while upon the railway right of way some distance from the public crossing and some distance from the buildings where he worked, his injury under such circumstances arose out . of and in the course of his employment. The general rule followed in construing the Workmen's Compensation act appears to be that a man's employment does not begin until he has reached the place where he has to work or the scene of his duty, and it does not continue after he has left unless the conveyance in which he travels to or leaves the premises is furnished by his employer. (Bradbury₀ on Workmen's Compensation,—3d ed.—468.) The controlling factor in determining whether an injury arose out of the employment is whether the employee was within the orbit, area or sphere of his duty, and it has been usually held that if an employee is injured on .the premises of the employer in going to or from work he is entitled to compensation for such injuries. (1 Honnold on Workmen's Compensation, sec. 122; Bradbury on Workmen's Compensation,—3d ed.—473, and authorities cited.) The employment is not limited to the exact moment when the workman reaches the place where he is to begin his work and to the moment when he ceases that work. It includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances

surrounding the accident. (Boyd on Workmen's Compensation, sec. 486.) An accident befalling the workman on his way to or from work cannot be held to arise out of the employment where he has not yet come within or has left the sphere of his employment, and where an employee, without knowledge of the employer, uses a way other than that provided by him, an accident thereon cannot be said to arise out of the employment. (Corpus Juris, treatise on Workmen's Compensation Acts, sec. 68.) Whether an employee in going to or returning from the place of his employment is in the line of his employment is governed and controlled by the particular circumstances and facts of each case. There must be a line beyond which the liability of the employer cannot continue, (and this would apply to the beginning of the employee's work as well as the ending,) and the question where that line is to be drawn is a question of fact. (Elliott on Workmen's Compensation Acts,— 7th ed.—41.) The area of an employee's duty may be readily ascertained in some cases, as where the premises are confined to a single building or plant or enclosure, and may be much more difficult of ascertainment in other cases, as, for example, where a railroad company's shops and yards and right of way extend for miles on a main line of track of the railroad and for a considerable distance on switch tracks. In case of railroads it is not sufficient to show that an employee was on the right of way of the railroad company, to show that his injury arose out of and in the course of the employment, even though at the time of his injury he was on his way to or coming from his work. *Hills* v. *Blair,* 182 Mich. 20; *McInerney* v. *Buffalo and Susquehanna Railroad Corp.* 225 N. Y. 130.

This court has never had before it for consideration and discussion a case where the circumstances were very similar to those here involved, and a brief review of the decisions of this court bearing somewhat on this question seems necessary.

In *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76, we said (p. 83) : "It has been repeatedly held by this court and by courts of last resort in other jurisdictions in similar cases, that where one is injured while merely going to or returning from his employment the injury is considered to have occurred within the line of the employment,"—citing several cases in this and other jurisdictions. Later, in *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, in referring to this question and what was said in the case just quoted from, we said (p. 13) : "It is true in the *Friebel case* we said that where one is injured while merely going to or returning from his employment the injury is considered to have occurred within the line of the employment. This language was not necessary to a decision of that case and should be modified. There may be circumstances under which an employee in going to and returning from the place of his employment would be held to be in the line of his employment, but those cases would be governed and controlled by their own particular circumstances."

In *Nelson Construction Co.* v. *Industrial Com.* 286 Ill. 632, the court said (p. 637) : "As it appears from the record that the deceased was violating an instruction of his employer, given by the superintendent in charge of the work, when the accident occurred, the injury cannot be said to have arisen out of and in the course of the employment."

In *International Harvester Co.* v. *Industrial Board,* 282 Ill. 489, it was said (p. 495) : "It further appears that the trip deceased was making at the time the accident occurred was entirely unnecessary so far as the business of the company was concerned and one which was not authorized or expected by it." It appears from the record in that case that the injured person was making a side trip on Sunday by his own personal desire and not by orders of his employers or with their understanding or approval.

These four cases are the nearest to the case at bar as to facts and reasoning of any of the cases decided by this

court. We do not consider any of them decisive or controlling in this case, as contended by counsel for defendant in error. A brief reference to some of the cases decided in other jurisdictions may be helpful.

A collier was injured by a gate swinging back on him. The land on both sides of the gate belonged to his employers, and the gate was about 150 yards from the lamp-room, to which the collier was first going on his way to work. The passage through the gate was the reasonable mode of access to the premises. It was held that the injury arose out of and in the course of his employment. *Hoskins* v. *Lancaster*, 3 B. W. C. C. 476.

In *Hills* v. *Blair, supra,* a section hand was killed while returning home from his work at noon for dinner, being struck by a passing train a considerable distance from the place of his work. It was held that the injury did not arise in the course of the employment.

In *McInerney* v. *Buffalo and Susquehanna Railroad Corp. supra,* the injured person was a car inspector in one of the yards of the railroad company. He was accustomed to go home for his dinner, his residence not being on the premises of his employers. On week days he took the highway and on Sundays walked on the employer's right of way in order to avoid exposing himself in his working clothes to the general public on the highway. This route on Sundays was taken without any objection on the part of his employer. At the time of his injury he had gone on the right of way more than half a mile from the yard where he was employed before reaching the trestle where he fell and was injured. It was held he was not injured in the course of his employment.

In *Leveroni* v. *Travelers' Ins. Co.* 219 Mass. 488, an employee whose contract of employment did not provide for transportation or pay for the time in going from and returning to his place of employment, and who while returning home, either as a licensee or a trespasser, entered

a railroad yard not a part of his employer's plant or under its control and was there killed by a train, was held not to be within the Workmen's Compensation act.

In *Bylow* v. *St. Regis Paper Co.* 166 N. Y. Supp. 874, an employee, while going at mealtime by a direct and ordinary route from the employer's premises but still on the premises, was struck by one of the engines of his employer on one of its switch tracks, and it was held that the injury arose out of and in the course of his employment.

In the case of *In re Stacy,* 225 Mass. 174, an employee— an ice-house laborer—on his way from work was drowned by breaking through the ice while crossing a pond in the control of his employer, this being the reasonable and customary way for him to reach his home and it being the custom of himself and other employees who lived in the same direction to cross in this way regularly. It was held that the accident happened in the course of his employment, under the reasoning of a former decision of that court in *In re McNicol,* 215 Mass. 497, and other cases cited.

*In re Sundine,* 218 Mass. 1, was a case where an employee was injured, after she had left the room in which she worked to get her lunch, upon a flight of stairs, which, though not under the control of the employer, afforded the only means of going to and from the workroom. It was held that the injury arose out of the employment.

In *In re Hallett,* 121 N. E. (Mass.) 503, an employee struck her foot against the edge of the top step as she was about to enter the store of her employer in going to work, and it was held that while she was not in the actual performance of her duties when she was injured, she was upon the premises of her employer and the injury arose out of her employment.

In *Granite Sand and Gravel Co.* v. *Willoughby,* 123 N. E. (Mass.) 194, the rule was laid down that an accident arises out of and in the course of the employment when it occurs within the period of the employment at a place

where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it. Substantially the same rule was laid down by this court in *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11.

A workman is said to be "in the course of his employment when within the time covered by the employment he is doing something he might reasonably do while so employed at a place where he might reasonably be while in the employment. The test is triple, and relates to time, conduct and place." " 'Arising out of' indicates a causal relation. The accident must have been due to the employment." (Chartres on Judicial Interpretation of Workmen's Compensation Laws, 137, 139.) These phrases are used conjunctively, "and the circumstances of the accident must satisfy both the one and the other." *Dietzen Co.* v. *Industrial Board, supra,* p. 15.

The general principles of law applying to a case of this kind are usually laid down by the authorities in substantially the same language, the difficulty being that different people do not agree as to the application of these principles to the special facts in the given case. It was said by this court that the determination of the question whether an injury arose out of the employment in some cases presents one of the most difficult problems in connection with the enforcement of the act. *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com.* 288 Ill. 126.

It is conceded by counsel for defendant in error that under the reasoning in some of the decisions in Massachusetts and New York this accident could be held to have arisen during the course of the employment of the deceased, but it is argued earnestly that the decisions of our own court are not in accord with the decisions in these other jurisdictions. As already stated, our own decisions are not necessarily controlling in this case. We have more than once quoted with approval the doctrine of the Massachusetts

292 — 7

cases which were relied upon in holding that the accidents in question in the cases already quoted arose out of the employment. In *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com. supra,* this court said (p. 128) : "This court has in several cases adopted the definition of the Supreme Court of Massachusetts in the *McNicol case,* 215 Mass. 497, viz.: 'It [the injury] arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the condition under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation, as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment,' "—citing other authorities of this court where the same doctrine is approved. Nothing has ever been said by this court in any of its opinions that in any way questioned the soundness of the reasoning of the Massachusetts Supreme Court in this respect. On the contrary, it has always been approved.

Before this case was finally disposed of in the circuit court of Macon county, the applicant, through counsel, moved that the court remand the case to the Industrial Commission for taking additional evidence, and upon leave of court filed affidavits in support of this motion. The affidavits tended to show that Schweiss was going to work the same way he was accustomed to go and had gone for four years during his employment with the defendant in error company and that other employees went the same way; that there was no rule forbidding the employees going to work through the yards or across the tracks by the most convenient way; that Geddes lane, while a public street, was not paved; that the yards where the shops were located in which deceased was employed were enclosed by a fence running across the railroad tracks at right angles, east

of Geddes lane; that Schweiss had to cross the tracks upon which he was killed to get to his work, and was killed about five minutes before he was due at work, by a fast passenger train which was late. The circuit court refused to remand the cause to the Industrial Commission for the taking of further evidence, and it is argued here by counsel for defendant in error that the practice of the courts in regard to granting a new trial on affidavits ought to be followed in this class of cases; that the affidavits do not show due diligence why such evidence had not been offered on the hearing. Without considering what definite rule ought generally to be applied in hearings of this kind, except to say that we believe this law in its practice should be broadly and liberally construed to the end that the intent and purpose of the act may be reasonably accomplished, (*Industrial Com.* v. *Ætna Life Ins. Co.* (Colo.) 174 Pac. 589,) we think there are some things shown in the record in connection with the decisions of our court that should control here on this point.

At the time this hearing was entered upon before the arbitrator, and up to the time it was nearly completed before the Industrial Commission, counsel would have reason to suppose that the holding of this court in *Friebel* v. *Chicago City Railway Co. supra,* to the effect that an employee, while going to and returning from work, would generally be regarded as in the course of his employment, might be controlling in this case, and therefore there would be no necessity for counsel for the applicant to introduce any evidence as to the custom followed by the deceased or his co-employees in going to or coming from work. Later, while this case was on hearing, this court in *Fairbank Co.* v. *Industrial Com. supra,* modified that general, broad doctrine, the opinion being handed down October 21, 1918, and apparently was first published on November 27, 1918. The stipulation of facts, as appears from the record, was entered into August 19, 1918, the decision of the arbitrator was

rendered August 22, 1918, and the decision on review by the Industrial Commission December 6, 1918. Manifestly, therefore, after the rendering of this last decision by this court the question whether any injury to an employee while on his way to work would be considered to arise out of the employment might depend upon the circumstances of the individual case, and, under the holdings of other authorities as to showing the custom of the employees in choosing certain routes in going to or returning from work, such custom might have a bearing on the question whether they were actually in the course of employment. (See *In re Stacy, supra; DiSalvio* v. *Menihan Co.* 225 N. Y. 766; *Bylow* v. *St. Regis Paper Co. supra; Nelson Construction Co.* v. *Industrial Com. supra;* Bradbury on Workmen's Compensation,—3d ed.—528, 551.) The plaintiff in error, therefore, might well desire to present evidence before the Industrial Commission on the question of the usual way the deceased and other employees took in going to or from the employment.

We do not agree with the argument of counsel for defendant in error that, even if the facts as set forth in the affidavits were proved on rehearing, it must necessarily be held that the accident, under the reasoning of the cases already cited, could not properly be held to arise out of the employment.

Under the reasoning of this court in *Peabody Coal Co.* v. *Industrial Com.* 289 Ill. 330, and *Keystone Steel Co.* v. *Industrial Com.* 289 id. 587, and also in accord with the letter and spirit of paragraph 2 of sub-section 2 of sub-section (*f*) of section 19 of the Workmen's Compensation act, (Laws of 1919, p. 548,) we think the circuit court should have remanded the cause to the Industrial Commission for the taking of further evidence in accordance with the motion of counsel for the applicant, and for such further proceedings as to justice and right might appertain.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to remand the application to the Industrial Commission for any further proof that may be offered in accordance with the views herein stated. *Reversed and remanded, with directions.*