(No. 21261.—

CHARLES H. WATERS, Defendant in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(THE COUNTY OF COOK,
Plaintiff in Error.)

*Opinion filed June 24, 1932.*

JOHN A. SWANSON, State's Attorney, and HERBERT
A. G. WEDEL, (JAMES L. HENRY, of counsel,) for plaintiff
in error.

JOHN E. MOLONY, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Charles H. Waters, about sixty-one years of age, was
employed during 1929 as an engineer in the public service
department of the county of Cook. His last day of service
was December 31, 1929. On March 5, 1930, he went to
the comptroller's office to get his pay voucher for the last
half month of December, 1929. After receiving his voucher
and cashing it at the office of the county treasurer, in the
county building, he went from the second floor down a
stairway to the first floor. While going down the stairs he
fell and was injured. He was taken home, examined by
a physician and then taken to a hospital. The examination
disclosed that he had a fracture of the hip joint. He re-
mained at the hospital until June 29, 1930. The attending

physician testified that his injury resulted in some limitation of motion in his left hip, that his left leg has a slight shortening, that he is not in physical condition to do manual labor, and that this condition is permanent. The arbitrator entered an award of $3750, a $300 annual pension for life, and $1972.20 for necessary first aid, medical, surgical and hospital services. The Industrial Commission, on review, reversed and set aside the award of the arbitrator and found that the relationship of employer and employee did not exist between the petitioner and the respondent, the county of Cook. On a writ of *certiorari* the circuit court of Cook county entered an order setting aside the decision of the Industrial Commission and affirming the decision of the arbitrator. The case is here for review on a writ of error.

At the time of his injury Waters was not an employee of the county of Cook. The record shows that he was discharged as an employee on December 31, 1929. On March 5, 1930, when he was injured, he was not performing any work for the county of Cook but was leaving the building after cashing his check for past services rendered. Unless the employee is performing some act or duty for the employer under the contract and within the period of his employment at the time of the injury he can not recover. (*Fairbank Co.* v. *Industrial Com.* 285 Ill. 11; *Dietzen Co.* v. *Industrial Board,* 279 id. 11.) It is conceded that Waters' contract of employment was terminated over two months prior to his injury and that the relation of employer and employee was not thereafter renewed. The accidental injury, therefore, did not arise out of and in the course of the employment. *Nelson* v. *Industrial Com.* 346 Ill. 82.

The judgment of the circuit court is therefore reversed and the award set aside.

*Judgment reversed and award set aside.*