(No. 26938.—

PAYNE AND DOLAN, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DELLA JORSCH, Admx., Defendant in Error.)

*Opinion filed January 21, 1943—Rehearing denied March 11, 1943.*

ANGERSTEIN & ANGERSTEIN, and DAILY & PRICE, (THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, WILLIAM L. DAILY, H. T. PRICE, and WENDELL H. SHANNER, of counsel,) for plaintiff in error.

PEREGRINE & BRUEGGER, PETIT, OLIN & OVERMYER, and GEORGE KELLY, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of error granted to review the judgment of the circuit court of Cook county confirming, in part, an award entered by the Industrial Commission to one A. C. Jorsch, for total and permanent disability and for hospital, medical and surgical care. Jorsch died while the cause was pending in the circuit court on *certiorari* and his widow, Della Jorsch, as administratrix, defendant in error here, was, on her motion, substituted party defendant in the *certiorari* proceeding.

The circuit court vacated the order confirming the award, as originally entered, modified the commission's decision and awarded to Della Jorsch, administratrix, compensation from the date of Jorsch's injury on October 4, 1938, to the date of his death, April 23, 1942, and for hospital, medical and surgical services.

Jorsch was employed as engineer in the asphalt plant of the plaintiff in error, located on the west side of State highway No. 54, one mile south of the village of Thornton. Jorsch's hours were from 2:00 P. M. to 10:00 P. M. He traveled to and from his work by public bus, which passed his employer's plant. On going to work he got off the bus directly in front of the plant and went to his work over a driveway leading from the slab on the highway into the premises where he was employed. At night he came out over this same driveway, crossed over the pavement and took a north-bound bus on the east side thereof. There were no lights or signals in front of plaintiff in error's plant and no lighted buildings sufficiently close to afford a light on the highway.

The right of way of the highway in front of plaintiff in error's plant is 66 feet in width. A 20-foot concrete slab extends through the center of this right of way. On either side an unpaved shoulder a few feet in width slopes down to a ditch about ten feet from the edge of the slab. A bridge over this ditch forms a part of the driveway into plaintiff in error's premises. The only means of ingress and egress for employees from the asphalt plant to the highway is over the gravel driveway which, at its junction with the slab, is about 20 feet in width and narrows down as it extends into the premises to a width sufficient to permit the passing of two trucks.

Jorsch quit work at around 10 o'clock on the night of October 4, and, after changing his clothes, took a wrench and his flashlight and walked down the gravel driveway to catch the bus. He testified that he stopped as he approached the highway and looked both ways but saw nothing; that he remembered he got up close to the edge of the pavement but he didn't remember anything after that. He didn't know an automobile had struck him until the next day. It developed that a south-bound car, driven by one Nelson

Proper, struck Jorsch, knocking him to the west side of the paved slab and inflicting the injuries which have formed the basis of this proceeding.

Proper, who, so far as the record shows, has no interest in this proceeding, testified that he was traveling south on this highway at about 35 miles per hour, with his dim lights on. When he got almost in front of the plant a car with blinding lights was traveling north on the other side of the road and for that reason he was unable to see Jorsch until he was about ten feet from him and so close witness had no time to swerve the car. He testified that when he first saw Jorsch he was in the middle of the south-bound traffic lane on the concrete slab. He testified positively that he did not drive off the slab; that he clamped on the brakes as soon as he saw Jorsch; that his car stopped about ten feet beyond the point where Jorsch was struck and the right front wheel of the car was about eighteen inches inside the west line of the slab. He also testified that at the time he first saw Jorsch the latter was headed east across the pavement, and at that time apparently saw the car, as he started to step back, but was too late.

The right headlight and right fender of his car were crushed by the impact. He testified that the right headlight of that car was between the motor hood of the car and the right fender. He testified also that the impact broke the top radiator hose connected with his car which was in the middle of the radiator, and that the water ran out and he was unable to take Jorsch to the hospital as he started to do, and so called the county police who took the injured man to the hospital. The undisputed facts as to the injury to the car corroborate Proper's testimony that Jorsch was on the south-bound lane of the pavement. It is evident from this testimony that Jorsch, when struck, was not standing on the gravel driveway leading across the shoulder of the highway into the premises of the plaintiff in error, as his counsel contend, but was on the slab

of the highway in the act of crossing over to the other side to take the bus. It is conceded his day's work was done and he was on his way home.

It is argued here by defendant in error's counsel that as Jorsch had no means of going to and from his work except across this driveway extending into his employer's premises, the driveway should, for the purpose of determining whether the injury arose out of and in the course of Jorsch's employment, be considered as though it were a portion of the premises. The rule in this State is that generally, injuries suffered while the employee is going to or returning from the employer's premises, do not arise out of or in the course of the employment of the injured employee so as to entitle him to compensation. (*Northwestern Yeast Co.* v. *Industrial Com.* 378 Ill. 195; *Mt. Olive and Staunton Coal Co.* v. *Industrial Com.* 374 id. 461; *Puttkammer* v. *Industrial Com.* 371 id. 497; *Schafer* v. *Industrial Com.* 343 id. 573; *Schweiss* v. *Industrial Com.* 292 id. 90.) However, the exact line of demarcation between liability and nonliability for such accidental injuries is not easy to determine. Whether an accident is so related or incident to the employment as to cause it to be seen that it arose out of or in the course of the employment, depends upon the particular circumstances of each case. No formula can be laid down which will automatically solve every case. The fact, that the accident happens upon a public highway and the danger is one to which the general public is likewise exposed, is not conclusive if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. *Cudahy* v. *Parramore,* 263 U. S. 418, 68 L. ed. 366; *Schweiss* v. *Industrial Com. supra; Schafer* v. *Industrial Com. supra.*

The test is whether the employee, when injured, was at a place where, by reason of his employment, he was required to be, or where he is subjected, by reason of his

employment, to a hazard to which the public is not exposed or to which he, by reason of his employment, is exposed peculiarly and to a greater degree than the public. If his work for the day is ended and he is at a place off the employer's premises, where the hazard to which he is exposed is the same and of the same degree as that to which the public is exposed, his injury is not compensable. It is not enough to say he would not have been at that place on the public highway if it had not been for his job, since the same can usually be said of the general public. Thus in the case of *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, where the employee was on his way home after his day's work, or *Dambold* v. *Industrial Com.* 323 Ill. 377, where the employee was killed by a railroad train while taking a short cut to his place of employment, or *Wicks* v. *Cuneo-Henneberry Co.* 319 Ill. 344, in which it was held that the Workmen's Compensation Act has no application where an employee's injury was sustained on a public sidewalk, though within 25 feet of the door of her place of employment, and while she was on her way to work; and this though the injury was caused by striking the corner of an iron door maintained in the sidewalk by her employer. In such cases it is held that no facts were shown to take the case out of the general rule that an employer is not liable under the Workmen's Compensation Act for injuries received by an employee while on the road to and from his employment. Whether the place at and the time within which an employee, in going to or returning from his work, is accidentally injured, come within the scope of the employment, so that the injury can be said to have arisen out of it, is a question of fact and it is impossible to prescribe any definite limit, either of time or place, since the circumstances of each case necessarily differ. *Schweiss* v. *Industrial Com. supra; Schafer* v. *Industrial Com, supra.*

Counsel for defendant in error argue from this rule that the driveway leading into the plaintiff in error's plant,

while over a portion of the highway, must, for the purposes of determining whether the injury to Jorsch arose out of his employment, be considered as though a part of the premises of his employer; that it was the only way by which the employees could approach or leave the premises, and therefore the dangers arising out of its use at night were greater than those to which the public was exposed, and so his injury must be said to have arisen in the course of his employment. Able argument supported by much respectable authority is presented in counsel's briefs, but under the manifest weight of the evidence as produced here the question is not whether Jorsch is to be considered as though on the premises of his employer while traversing the driveway which led into those premises and which was the only way he had of getting out, since, as clearly shown by the evidence, he was struck while near the middle of the south-bound driving track on the slab used generally for public travel. This he did not specifically deny but testified that he did not remember anything after he reached the edge of the pavement. The question therefore is whether he, when struck, was at a place where the hazard to which he was exposed existed peculiarly or to a greater degree as to him than that to which the public was exposed.

When he went off this driveway and onto the slab of the highway, he departed from the place where danger to him could be said to have been of a greater degree because of his employment, and into a place where the public generally shared fully the dangers incident thereto. Unless this be true, where can the line be drawn? What reason or logic can be applied, which would draw the line at any point short of his doorway? His situation then was not unlike that of the woman who was injured on the sidewalk near her place of employment in the case of *Wicks* v. *Cuneo-Henneberry Co. supra,* or in the case of *Fairbank Co.* v. *Industrial Com, supra,* where the employee was killed

while on his way home from work. It is clear from the evidence that, although the driveway into plaintiff in error's premises be held, for the purposes of this case, to be a part of those premises, and the dangers arising out of its use at night, to which Jorsch, by reason of his employment, was peculiarly, and to a greater degree than the public, subjected, he was not on those premises but was on the more dangerous part of the highway, on his way home. We are unable to see, therefore, any reason for applying a different rule than that consistently applied in such cases, as in the *Fairbank Co. case* and other cases cited herein. It follows that the order of the circuit court confirming the award in this case is erroneous. That judgment is reversed and the award set aside.

*Judgment reversed, and award set aside.*