(No. 27939.—

GENERAL STEEL CASTINGS CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JEANNETTE H. SCHILLING, Defendant in Error.)

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

W. C. ROPIEQUET, of East St. Louis, for plaintiff in error.

WHITNEL, BROWNING, LISTEMAN & WALKER, (LLOYD MIDDLETON, of counsel,) all of East St. Louis, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here to review a judgment of the circuit court of St. Clair county quashing a writ of *certiorari,* sued out in that court by plaintiff in error, and confirming the decision of the Industrial Commission which awarded defendant in error compensation. There is but one issue in the case and that is whether the accidental injury, resulting in the death of defendant in error's husband, arose out of and in the course of his employment with plaintiff in error.

The facts of the accident are not disputed. Plaintiff in error's plant is located in Granite City and is about

one-half mile in length, extending along the tracks and switch tracks of the New York Central railroad. All its property is located west of the tracks with the exception of a parking lot maintained by it at the south end of the plant. There are two established routes of ingress and egress, one, an improved though unpaved roadway maintained by plaintiff in error, which extends north from the north gate of the plant for a distance of about 300 feet and then turns east over a grade crossing, maintained by the railroad company and connecting with a city street. The other exit leads from the south gate of the plant and extends under the railroad tracks through a concrete underpass, built and maintained by the plaintiff in error. This extends to a parking lot on the east side of the railroad.

The deceased, Harold A. Schilling, on July 3, 1943, the date of his fatal injury, parked his car, as he customarily did, on a public street east of the railroad tracks, and practically due east of the north gate of the plant. He, on that day, as he customarily did, walked across the railroad tracks south of the grade crossing maintained by the railroad, and entered the plant at the north gate. When leaving the premises after the close of his work for that day, he walked east from the north gate and started across the railroad tracks. As he reached the second track a freight train on the third track obstructed his passage and while standing on the second track waiting for the freight train to pass, a passenger train coming from the north on the first track struck him and so severely injured him that he died the next day.

The only eyewitness to the accident was a fellow workman who, though not acquainted with Schilling, was standing on the second track near him. He testified the section men had been working on the track at this point and removed certain filling or "chat" from between the ties and under the rails. He testified that he saw the approaching train and leaped in time to escape injury but that Schilling

apparently got his feet caught in the filling and the right side of the cowcatcher of the engine struck him.

The evidence of several witnesses, employees of plaintiff in error, was that Schilling and other employees had been in the habit of crossing the railroad tracks at or near the place of the accident. There is some evidence that a beaten path had been worn across the tracks at that point, although the guard on duty at the north gate testified there was no beaten path because the men crossed the track at different angles. The evidence of all witnesses was that plaintiff in error issued no instructions as to what route or routes employees should follow in leaving the plant or where they should park their cars.

On review before the commission the father of the deceased employee was permitted to testify, over objection, that one Fryntzko, a timekeeper and checker employed by plaintiff in error, asked the witness and the deceased at what gate they entered, and when told it was the north gate, the timekeeper said for them to continue to do so.

The arbitrator found the accidental injuries resulting in the death of the deceased did not arise out of his employment. The Industrial Commission on review set aside the decision of the arbitrator, entered a finding that the deceased sustained accidental injuries arising out of and in the course of his employment, resulting in his death, and awarded compensation under the statute.

As we have indicated, the only question involved in the record is whether the injury to deceased arose out of and in the course of his employment. It is argued by defendant in error's counsel that since Schilling was instructed by the timekeeper to continue to use the north gate in going to and from his work, and deceased had, with the knowledge of plaintiff in error, crossed the tracks at the point where he met his fatal accident, the effect of those facts was to extend his employer's premises to include the course used by the deceased in going to and from his work, with

the result that the injury arose out of and in the course of the employment. of the deceased, the same as though the place where he was killed was actually a portion of the premises of plaintiff in error.

The general rule in this State is that injuries suffered while the employee is going to or returning from the employer's premises, do not arise out of or in the course of the employment of the injured employee so as to entitle him to compensation. *Payne and Dolan* v. *Industrial Com.* 382 Ill. 177; *Northwestern Yeast Co.* v. *Industrial Com.* 378 Ill. 195; *Mt. Olive & Staunton Coal Co.* v. *Industrial Com.* 374 Ill. 461; *Puttkammer* v. *Industrial Com.* 371 Ill. 497; *Schafer* v. *Industrial Com.* 343 Ill. 573; *Schweiss* v. *Industrial Com.* 292 Ill. 90.

Whether an accident is so related or incident to the employment as to cause it to be seen that it arose out of or in the course of the employment, depends upon the particular circumstances of each case. No formula can be laid down which will automatically solve every case. The test is whether the employee, when injured, was at the place where, by reason of his employment, he was required to be, or where he is subjected by reason of his employment to a hazard to which the public is not exposed, or to which he by reason of his employment is exposed peculiarly and to a greater degree than the public. If his work for the day is ended and he is off his employer's premises where the hazard to which he is exposed is the same and of the same degree as that to which the public is exposed, his injury is not compensable. It is not sufficient to say he would not have been at that place if it had not been for his job, since the same can usually be said of the general public.

In *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, where the employee was on his way home after his day's work; in *Dambold* v. *Industrial Com.* 323 Ill. 377, where the employee was killed by a railroad train while taking a short

cut to his place of employment, and in *Wicks* v. *Cuneo-Henneberry Co.* 319 Ill. 344, where an employee's injury was sustained on a public sidewalk within 25 feet of the door of her place of employment, and while she was on her way to work, it was held that no facts were shown to take the case out of the general rule that an employer is not liable under the Workmen's Compensation Act for injuries received by an employee while on the road to and from his employment. Whether the place at, and the time within which an employee in going to or returning from his work is accidentally injured, come within the scope of the employment so that the injury can be said to have arisen out of it, is a question of fact as to which the circumstances and therefore the application or nonapplication of the Workmen's Compensation Act differ. *Payne and Dolan* v. *Industrial Com.* 382 Ill. 177; *Schweiss* v. *Industrial Com.* 292 Ill. 90; *Schafer* v. *Industrial Com.* 343 Ill. 573.

An employee, who, to save a walk of some 300 feet to a maintained way of exit, sees fit to cross railroad tracks in leaving his employer's premises after his day's work is completed, can hardly be said to be engaged in a risk which is an incident to and attendant upon his employment, unless his employment requires him to be there. An employee may not unnecessarily increase the risk of injury to himself or choose an unnecessarily dangerous place for the doing of an act which is claimed to be incidental to his employment. Where the employee assumes to undertake a dangerous act which is strictly outside of the scope of his employment, the risk undertaken is not incidental to the employment. *Roberts & Oake* v. *Industrial Com.* 378 Ill. 612; *Terminal Railroad Ass'n* v. *Industrial Com.* 309 Ill. 203; *Nelson Railroad Construction Co.* v. *Industrial Com.* 286 Ill. 632.

Plaintiff in error argues it was error to admit the testimony of the father of the deceased that a timekeeper in-

structed deceased to continue to leave the plant by the north gate. Defendant in error insists the evidence was admissible and controlling as an order or direction to deceased to cross the tracks at the point he was attempting so to do when he met with the accident which resulted in his death. This testimony, considered in its light most strongly in favor of defendant in error, does not disclose a direction to the deceased as to the crossing or route he shall take after leaving the north gate. The testimony is that the timekeeper approved leaving the premises by the north gate. Plaintiff in error maintained a way from the north gate north some 300 feet to a grade crossing, prepared and maintained by the railroad company across the tracks. This was a recognized crossing and the engineer of each locomotive as it approached that crossing gave warning signals by blowing a whistle and sounding a bell to warn the general public of the approach of danger. This was not true of the point where Schilling met with his accident. The timekeeper's authorization was only to leave and enter the premises by the north gate. It cannot be construed as authorization to cross the railroad tracks where there was no crossing and where deceased would be a trespasser. Schilling chose an unnecessarily dangerous place to cross the tracks, and also an unnecessarily dangerous place to stand while the freight train was passing. We are of the opinion that Schilling's injury and death did not arise out of, or in the course of, his employment.

The judgment of the circuit court confirming the award of the Industrial Commission is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*