(No. 32017.—

EVA JANE CHRISTIAN, Admx., *et al.,* Appellants, *vs.* CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, Appellee.

*Opinion filed March 20, 1952—Modified on denial of rehearing May 19, 1952*

HERSHEY, J., took no part.

HAROLD BROVERMAN, and SCOTT HOOVER, both of Taylorville, for appellants.

PROVINE, PINKERTON & MILEY, of Taylorville, and CARL D. FORTH, of Springfield, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff Eva Jane Christian, administratrix of the estate of John Franklin Christian, and plaintiff Alice May Daugherty, administratrix of the estate of Albert Nelborn Daugherty, instituted proceedings in the circuit court of Christian County for damages for the deaths of the respective decedents from injuries sustained in a collision, allegedly caused by defendant's negligence, between the car in which decedents were riding and defendant's train. The cases were tried together and the jury returned a verdict for each plaintiff in the amount of $15,000, which the trial court set aside on defendant's motion for judgment notwithstanding the verdict, on the ground that plain-

tiffs' rights were barred by section 29 of the Workmen's Compensation Act. Ill. Rev. Stat. 1947, chap. 48, par. 166.

The facts material to the applicability of section 29 are uncontroverted. On November 20, 1948, at about 3:15 P.M., upon completion of their work as coal miners for the Peabody Coal Co., the decedents entered the automobile of a fellow employee and embarked for home. They drove through the north gate and off the mine property which was enclosed by a high wire fence. Although there was a south gate leading to the settlement of Jerseyville, approximately 90 per cent of the employees left through the north gate for their homes in the larger communities of Taylorville and Pana. There were, however, some four houses within the enclosed premises of the coal company occupied by the families of company officials and employees.

The decedents entered upon a dirt roadway which extended north about 150 feet from the mine fence to Taylorville Street, which ran in an easterly and westerly direction. The roadway was traversed just north of the coal company's property by defendant's right of way and tracks, extending approximately 100 feet. The track nearest the mine property was a switch track on which defendant stored trains, and the track north of it was used for through rail traffic. Defendant maintained that portion of the roadway traversed by its right of way, but that portion of the roadway north of the tracks was kept up by the highway commissioner of the township, and was within his jurisdiction. The coal company, however, had no control over any portion of the roadway or tracks, and did not furnish or pay for transportation for any of its employees.

There was every evidence that the roadway was semi-private and was not used by the general public, but by persons who had business with the mine, or who were visiting the families living on the company property, or by political speakers.

As decedents rode across defendant's tracks one of defendant's trains collided with the car in which they were riding, causing injuries resulting in their death.

On the basis of these facts and circumstances the trial court concluded that the accident arose out of and in the course of decedents' employment. Inasmuch as it was established that the decedents, their employer and defendant were all operating under the Workmen's Compensation Act, the court set aside the jury verdict in favor of plaintiffs on the ground that under section 29 of the act, where an employee sustains a compensable injury caused by a third party tort-feasor who is bound by the act, the employee or his representative is not entitled to assert any common-law or statutory rights for damages against such tort-feasor, since the employee's cause of action is transferred to his employer, who may recover from the tort-feasor only the amount of fixed compensation he is obliged to pay the employee. *Schlitz Brewing Co.* v. *Chicago Railways Co.* 307 Ill. 322; *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244; *City of Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157.

In determining whether the Appellate Court erred in affirming the judgment of the trial court, we shall consider the applicability and scope of section 29 of the Workmen's Compensation Act.

It is clear that defendant had the burden of establishing that section 29 constituted a valid defense to plaintiffs' action. (*Victor* v. *Dehmlow*, 405 Ill. 249.) That section is applicable only if the death of the decedents was compensable, and, to be compensable, an accident resulting in death must "arise out of and in the course of employment." *Dietzen Co.* v. *Industrial Board*, 279 Ill. 11.

These phrases have been repeatedly defined by our courts. "In the course of" refers to the time covered by the employment, as well as reasonable conduct at a place where the workman might reasonably be while so employed.

The test is triple, relating to time, conduct and place. (*Schweiss* v. *Industrial Com.* 292 Ill. 90.) "Arising out of" refers to the requisite causal relation between the employment and the accident. Inasmuch as the phrases are used conjunctively, there must be a concurrence of both elements for the accident to be compensable. *Schweiss* v. *Industrial Com.* 292 Ill. 90.

It has been held as a general guiding proposition that after an employee leaves the employer's premises at the close of his working hours he is no longer in the course of his employment. *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11; *General Steel Castings Corp.* v. *Industrial Com.* 388 Ill. 66; *Payne and Dolan* v. *Industrial Com.* 382 Ill. 177; *Northwestern Yeast Co.* v. *Industrial Com.* 378 Ill. 195; *Sanborn Co.* v. *Industrial Com.* 405 Ill. 50, 54.

Under certain circumstances, however, this rule that employment begins and ends at the employer's premises has been extended to include adjacent premises used by the employee as a means of ingress and egress with the express or implied consent of the employer. (*Bountiful Brick Co.* v. *Giles,* 276 U.S. 154; *Schafer* v. *Industrial Com.* 343 Ill. 573.) Whether the rule can properly be extended so that an employee returning home from his place of employment may be deemed in the line of his employment depends ultimately upon the special circumstances in each case. (*Schweiss* v. *Industrial Com.* 292 Ill. 90, at p. 93.) The inquiry of the court in each instance is whether the employee when injured was at a place where he was subject, by reason of his employment, to a hazard to which the public is not exposed, and to which he is exposed peculiarly and to a greater degree than the public. *General Steel Castings Corp.* v. *Industrial Com.* 388 Ill. 66; *Payne and Dolan* v. *Industrial Com.* 382 Ill. 177.

It is not sufficient, however, to establish that the employee would not have been at the place but for his job. Consequently, it has been held that if the employee's work

for the day is ended and he is at a place off the employer's premises where the hazard to which he is exposed is the same, and of the same degree, as that to which the public is exposed, the injury is not compensable. *General Steel Castings Corp.* v. *Industrial Com* 388 Ill. 66; *Payne and Dolan* v. *Industrial Com.* 382 Ill. 177.

These principles of compensation law have been applied by our courts in cases involving facts closely analogous to those in the case at bar and where the accidental injuries were held not to be compensable.

In the *Steel Castings case* the employee had left the employer's premises at the close of his work and was walking from the gate over an approved road of egress across certain railroad tracks to reach the place he customarily parked his car with the knowledge and consent of the employer. As he approached the second railroad track a freight train obstructed his passage, and he was struck by a passenger train travelling on the first track. The court, in applying the aforementioned tests, held that the accident did not arise out of and in the course of the workman's employment, and, therefore, was not compensable.

In the *Payne & Dolan case* the employee had left the plant at the end of his night shift and had walked down the driveway onto a concrete slab leading into the highway where he was struck and killed by a passing motor vehicle. Inasmuch as he had to cross the highway to board the bus on which he and other employees customarily travelled to and from work, and since that part of the highway was the only place to board the bus, it was urged that crossing the highway must necessarily be considered as a risk of employment. The court, however, rejected this contention, and held that it was not enough that the employee would not have been on the highway except for his employment, since the hazard to which he was exposed thereon was the same as that to which other members of the public were exposed.

In *Anderson* v. *Chicago, Burlington & Quincy Railroad Co.* 250 Ill. App. 92, the employee, upon completion of his night shift, checked out at the power house of the cement company where he was employed, and started down the right of way of the defendant railroad, which passed through the property and between the buildings of the cement company, en route to board one of the defendant's coaches which the employees regularly took, and which was waiting a short distance ahead at the main line. As the employee approached the coach, a car on the adjoining spur switch became derailed and one end of it struck him, causing injuries resulting in death. The court rejected defendant's contention, offered in support of its argument that section 29 constituted a valid defense, to the effect that, since its tracks and right of way were so closely connected with the property of the cement company, they might be considered part of its premises in determining whether the employee was in the course of his employment. The court held that inasmuch as the employee had left his employer's premises and was on defendant's right of way where he was performing no duty for his employer, who, in turn, had no duty to protect him, the accident and resulting death did not arise out of and in the course of his employment.

It is apparent that the proximity between the employer's premises and the defendant railroad, in the last case cited, was even closer than in the case at bar, since the cement company's property straddled both sides of the tracks. Moreover, the duties of the employee in that case often required him to cross the tracks, whereas traversing the roadway and defendant's tracks in the case at bar was no part of decedents' employment as coal miners.

As hereinbefore noted, the decedents in the case at bar had completed their day's work, had checked out, and had driven off the premises of their employer in the car of a fellow employee, and were en route to their homes and not

engaged in any business of the coal company. As in the *Steel Castings case*, the approved road of egress involved crossing certain railroad tracks. At the moment of the collision decedents were on defendant's right of way located on a roadway which, though not a public highway, was open to all members of the public who wished to traverse thereon, and was sufficiently public to be within the jurisdiction of the highway commissioner of the township with respect to the portion extending north beyond defendant's right of way. Inasmuch as one end of the roadway ended at the property of the coal company, it is likely that the road would be traversed only by members of the public who had business with the coal company, or who wished to visit the families residing on the company premises; however, this fact did not convert it into a private road, nor render it under the control of the coal company.

Moreover, all persons travelling on the roadway were subjected to the same hazard from defendant's trains, and the decedents at the time of the accident were not subjected to any greater risk than were other members of the public passing on the roadway. There was nothing in the nature of their employment as coal miners which enhanced the risks of this roadway. As in the *Payne and Dolan case*, the decedents would not have been at that precise place except for their employment, and using the roadway was as essential in leaving the coal company for their homes as was crossing the highway to board the bus in the *Payne and Dolan case*. Nevertheless, the court in that case held such facts to be insufficient to establish that the accident occurred in the course of the employment.

The foregoing analysis leads us to the conclusion that there is neither the requisite causal connection between the work of mining coal and the risk of crossing a railroad outside the mine property, nor the requisite finding that the accident occurred in the course of decedents' employment according to the threefold test of time, place and con-

duct reiterated in *Schweiss* v. *Industrial Com.* 292 Ill. 90. Therefore, the deaths of the decedents were not compensable within the terms of section 29 of the Workmen's Compensation Act.

In addition to sustaining the defendant's motion for judgment notwithstanding the verdict, the trial court denied defendant's motion for a new trial. Since our determination that the judgment notwithstanding the verdict should be vacated, the action of the trial court in the denial of the motion for new trial becomes effective. Under Rule 22 of this court, it next becomes appropriate to consider the propriety of the lower court's ruling in disallowing the motion for new trial. For that purpose, this cause is remanded to the Appellate Court, Third District.

*Reversed and remanded.*

Mr. Justice Hershey took no part in the consideration or decision of this case.