ANTHONY KANCEVICIUS, Plaintiff-Appellant, *v.* WILLIAM A. MOYER *et al.*, Defendants-Appellees.

(No. 70-90;

Second District—March 22, 1971.

*Rehearing denied May 24, 1971.*

Brody & Gore, of Chicago, (Joseph Samuels, of counsel,) for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago, and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Wheaton, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The Plaintiff, Anthony Kancevicius, was riding in a car driven by a co-employee, Harrison Stout, on the 1st of September, 1966. Stout was

driving south on Towne road at its intersection with Roosevelt Road, Route 30. Route 30 is a four lane highway divided by a median strip. As Stout approached Route 30 he failed to stop, drove across the westbound lanes, across the median strip, and was struck by a car driven by William A. Moyer in the fourth lane, being the southerly eastbound lane of the four lane highway.

The complaint of Kancevicius charges Stout with wilful and wanton conduct and the defendant Moyer with negligence. At the conclusion of the Plaintiff's case the Trial Court directed a verdict both on the wilful and wanton count against the co-employee with whom Kancevicius was riding, and also directed a verdict as to the defendant Moyer.

As a basis for the above directed verdict as to Stout the Trial Court found that the plaintiff had filed an application under the Workmen's Compensation Act which the Court held to be a bar to a common law action against the co-employee driver of the car. The Trial Court found that there was no negligence on the part of Moyer.

In *Sjostrom v. Sproule* (1962), 34 Ill.App.2d 338, 181 N.E.2d 379 where the two employees were both employed by Armour & Company and required to work in Bradley, Illinois, both employees being residents of Chicago, the Appellate Court held that the injury to one while riding with the other to the place of work did not arise out of or in the course of his employment. The case was retried and after a verdict on the common law liability of the defendant, the Appellate Court reversed itself 49 Ill.App.2d 451, 200 N.E.2d 19, (1964) and said:

"After a careful consideration of the law applicable to the facts disclosed by the record we have decided that our former opinion is erroneous and would result in injustice to the defendant. Both parties were in the course of their employment at the time of the occurrence. They were on their way to their job site at the direction of their employer and in transportation furnished by the employer. The trend of recent decisions is to broaden the reach of the Workmen's Compensation Act. *Dunham Co. v. Industrial Comm.*, 16 Ill.2d 102, 156 N.E.2d 560 holds that a transportation risk arises out of the employment and that the employee would not have been exposed to the transportation hazard but for his employment. In the case at bar plaintiff and defendant were subjected to the hazards of the road because of Armour's furnishing transportation and its direction to use it."

However, the Court in the same paragraph went on to say:

"The furnishing of transportation by the employer is a well recognized exception to the rule that travel to and from work is ordinarily not within the Compensation Act. Angerstein in Illinois Workmen's Compensation (Rev. Ed.) Vol. 1, Sec. 406, recognizes the exception to the

general rule that the employer is not liable for accidental injuries sustained by the employee away from the employer's premises while on the way to or from work where the employer provides a means of conveyance to or from work. In 99 C.J.S. Workmen's Compensation 235, page 837, the author states: 'This exception to the general rule has been held to be as well established as the rule itself, and to be supported by overwhelming authority.' * * *."

Upon a further appeal to the Supreme Court the Supreme Court sustained the Appellate Court in its second opinion 33 Ill.2d 40, 210 N.E.2d 209 (1965). It is to be expressly noted that both Plaintiff and Defendant in the *Sjostrom* case were furnished company transportation to and from their temporary place of employment. In this respect the *Sjostrom* case differs from the one at hand.

The questions before this court are whether or not the filing of an application for adjustment of claim before the Industrial Commission under the Workmen's Compensation Act is a bar to suit, and secondly, does the Illinois Workmen's Compensation Act apply under the factual situation here.

In *Sloma v. Pfluger* (1970), 125 Ill.App.2d 347, 261 N.E.2d 323 this Court considered a case of co-employees driving to work together. In this case the plaintiff was 18 years of age, worked with one Richard Lee Carpenter, both being employed by L. H. Wood Construction Company. They were in the business of erecting dry walls. Carpenter drove his own pickup truck and Sloma rode with him. Carpenter lived in Carpentersville and his employer maintained a supply trailer in Meadowdale which is almost contiguous to Carpentersville. On the day in question Carpenter and Sloma had worked in Belvidere and left the job site about 3:30 P.M., and had driven to a tavern in Belvidere where they remained for two and one-half hours. They drove east from Belvidere at a speed of 70 to 90 m.p.h. when they struck a vehicle driven by Pfluger. The Appellate Court held that the transportation furnished by Carpenter to Sloma was a matter between Carpenter and the Plaintiff, and further stated on page 327:

"The facts in this case suggest that the Plaintiff's scope of employment began and ended at the job-site; that there was nothing to take him out of the normal rule that travel to and from the place of employment is beyond the realm of the employment relationship; and that one injured in the course of such travel is not injured as an employee. (*Urban v. Industrial Com.* (1966), 34 Ill.2d 159, 161, 214 N.E.2d 737; *Christian v. C. & I.M. Ry. Co.* (1952), 412 Ill. 171, 175, 105 N.E.2d 741."

We further stated:

"The trial court left the question of whether the plaintiff occupied the status of a guest of Carpenter or an employee, while riding with Carpenter, for the jury to decide. This was proper under the facts of this case. See: *Leonard v. Stone* (1943), 381 Ill. 343, 345, 45 N.E.2d 620."

It appears that the Plaintiff Kancevicius and the Defendant William A. Moyer are employees of Movrich Painters and Decorating Service. The employer had sent his employees, Kancevicius, Moyer and two others to a painting job at the Ball's Seed Company known as Ball's Greenhouse on Towne Road near West Chicago. The Movrich place of business is located on 59th Street in Chicago. Apparently, the procedure was that the employees would drive to the Movrich parking lot and would then take one car rather than the four employees driving to West Chicago. On the day in question the Plaintiff and the Defendant had completed their work in the Ball greenhouse, changed their clothes, and were on their way back to Chicago when the accident occurred. Plaintiff was paid solely for the hours worked, was not paid for the time going to and from work and received no compensation in the form of mileage to and from work, nor did he pay the defendant Stout for driving him.

The evidence discloses that the Defendant, Stout, did not stop at the stop sign before entering Roosevelt road. One disinterested witness testified that he entered the preferential highway at about 30 miles an hour.

In *Leszinske v. Grebner* (1967), 89 Ill.App.2d, 470, 232 N.E.2d 496, this Court after stating that accidents occurring to and from the place of employment do not ordinarily arise out of the course of employment, went on to say:

"This general rule, however, is not applicable where the employee's trip is determined by the demands of his employment or when his duties as employee take him to the place of his injury. [Citations.]"

In *Leszinske* the Plaintiff's intestate, a young man of 18 years of age was employed by Defendant's intestate in the business of painting houses. He was killed on his way back from painting a corn crib on a farm and they were on their way to Grebner's Work Shop to help unload the station wagon. This Court held that Leszinske was:

"In the course of his employment and that his death occurred in the course of his employment and arose out of such employment."

and went on to say on page 500:

"If the nature of the employment—the painting—were such that Leszinske was compelled to travel to various places to paint, and the

demands and duties of the employment necessitated this travel, the death *could be* attributed to the employment."

This Court in *Leszinske* said by way of *dicta* that perhaps the Workmen's Compensation Act might apply to that case:

"even if Grebner and Leszinske were only returning to Grebner's house."

In *General Steel Castings Corp. v. Industrial Commission* (1944), 388 Ill. 66, 57 N.E.2d 454, the Supreme Court stated on page 456:

"Whether an accident is so related or incident to the employment as to cause it to be seen that it arose out of or in the course of the employment, depends upon the particular circumstances of each case. No formula can be laid down which will automatically solve every case. The test is whether the employee, when injured, was at the place where, by reason of his employment he was required to be, or where he is subjected by reason of his employment to a hazard to which the public is not exposed, or to which he by reason of his employment is exposed peculiarly and to a greater degree than the public."

and further stated:

"Whether the place at, and the time within which an employee is going to or returning from his work is accidentally injured, come within the scope of the employment so that the injury can be said to have arisen out of it, is a question of fact as to which the circumstances and therefore the application or nonapplication of the Workmen's Compensation Act differ."

In *Payne & Dolan v. Industrial Commission* (1943), 382 Ill. 177, 46 N.E.2d 925 at page 927, the Court held

"The rule in this State is that generally, injuries suffered while the employee is going to or returning from the employer's premises, do not arise out of or in the course of the employment of the injured employee so as to 'entitle him to compensation.' [Citations.] However, the exact line of demarcation between liability and nonliability for such accidental injuries is not easy to determine. Whether an accident is so related or incident to the employment as to cause it to be seen that it arose out of or in the course of the employment, depends upon the particular circumstances of each case. No formula can be laid down which will automatically solve every case. The fact, that the accident happens upon a public highway and the danger is one to which the general public is likewise exposed, are not conclusive if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. [Citations.]

The test is whether the employee, when injured, was at a place

where, by reason of his employment, he was required to be, or where he is subjected, by reason of his employment, to a hazard to which the public is not exposed or to which he, by reason of his employment is exposed peculiarly and to a greater degree than the public. If his work for the day is ended and he is at a place off the employer's premises, where the hazard to which he is exposed is the same and of the same degree as that to which the public is exposed, his injury is not compensable. It is not enough to say he would not have been at that place on the public highway if it had not been for his job, since the same can usually be said of the general public."

■■ The contention that the Plaintiff is limited to his remedies under the Workmen's Compensation Act is an affirmative defense that must be proven by the Defendant. The basis of this proof here is the statement of the Plaintiff that he rode with the Co-Defendant so that all four employees would not have to drive their respective cars. Further contention is made that the Plaintiff made application under the Workmen's Compensation Act which was not pursued. This is a question of fact.

In *Bassi v. Morgan* (1965), 60 Ill.App.2d 1, 208 N.E.2d 341 the Plaintiff had filed an application for adjustment of claim before the Illinois Industrial Commission under the Workmen's Compensation Act. An attempt was made to introduce this application and the Trial Court sustained the objection to the admission of the application. This Court went on to say on page 344:

"Such an admission, had it been admitted, could have been considered by the jury in connection with any explanation which the plaintiff saw fit to offer, and the jury could have considered it in determining whether or not the accident arose out of and in the course of Plaintiff's employment."

This Court further said

"The mere fact that an application was made before the Industrial Commission, and that payments were made to the Plaintiff is not conclusive."

■ It can thus be seen that every case involving the application of the Workmen's Compensation Act as to a co-employee riding to or from his place of employment must depend upon the facts in each case. This is a factual question to be determined by the jury and in the instant case should have been submitted to the jury.

In *Victor v. Dehmlow* (1950), 405 Ill. 249, 90 N.E.2d 724 the Supreme Court stated on page 728:

"The burden was upon the defendants to prove that the plaintiff was in the course of his employment and was injured by a risk arising out of that employment. If there was no evidence establishing this

fact, then the defendants could not prevail on this defense."

The question as to whether or not the Plaintiff was in the course of his employment and thus under the Workmen's Compensation Act was a question of fact for the jury. For this reason the action of the Trial Court in dismissing the complaint as to the defendant Stout will be reversed and remanded.

Turning then to the question of the dismissal by the Trial Court of the complaint based upon negligence against the Defendant, William A. Moyer, we find that the Trial Court at the conclusion of the Plaintiff's case stated that there was:

"not one scintilla of evidence as to any negligence on the part of the defendant Moyer."

■■ Examination of the record discloses that the defendant Moyer was traveling easterly in a four lane preferential highway separated by a median strip at least a car length in width and while he did see the Stout vehicle approaching from the north on a then gravel road, it can hardly be said to be negligence on his part that he did not anticipate that the Stout vehicle would enter the highway without stopping, cross the two westbound lanes, cross the median strip, cross the northerly eastbound lanes, and come in contact with Moyer's vehicle. This Court likewise finds no negligence on his part. The action of the Trial Court in dismissing the complaint as to the defendant Moyer will be affirmed.

Reversed and remanded in part; affirmed in part.

SEIDENFELD and T. MORAN, JJ., concur.