Helen Cook, Appellant, v. Connelly Chevrolet Company, Appellee.

Gen. No. 8,445.

Opinion filed January 26, 1931. Rehearing denied April 10, 1931.

A. M. FITZGERALD and H. C. MOORE, for appellant.

BROWN, HAY & STEPHENS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Helen Cook, appellant, brought her action against Connelly Chevrolet Company to recover damages resulting from an automobile accident. A verdict was rendered finding appellee not guilty on which judgment was entered.

On September 14, 1929, one T. R. Blivens and his wife went to the place of business of the Connelly Chevrolet Company, appellee, in the City of Springfield, which was selling Chevrolet automobiles, for the purpose of purchasing a Chevrolet car. M. W. Yetter was a salesman in the employ of appellee in the sale of cars. In order to demonstrate the car for the pur-

pose of making the sale Yetter drove the car, accompanied by Blivens and his wife, on Fourth Street until they approached Cook Street where Blivens exchanged seats with Yetter and the former commenced driving the car, Yetter sitting beside him on the front seat. As they approached the intersection of Fourth and Ash Streets a collision occurred between the Chevrolet car driven by Blivens and a car driven by appellant whereby appellant was injured.

On the trial the court gave to the jury the following instructions:

"(8) You are instructed that unless you believe from the evidence that some agent, servant or employee of the defendant was guilty of some negligent act as charged in the declaration which contributed to the accident, the plaintiff cannot recover against this defendant and you should find the defendant not guilty."

"(11) You are instructed that if you believe from the evidence that T. R. Blivens just prior to and at the time of the accident was operating the Chevrolet automobile in question in this case for the purpose of testing the same to determine if he would purchase the car, then as a matter of law the said T. R. Blivens was not an agent, servant or employee of the defendant company and the defendant is not chargeable with any negligent act committed by the said T. R. Blivens, if any be shown by the evidence."

In effect these instructions directed the jury to find appellee not guilty and directly raise the question of law as to whether appellee was responsible for the negligence of Blivens, if any there was, in driving the car in question. It is contended by counsel for appellee that the relationship between the Connelly Chevrolet Company and Blivens was that of bailor and bailee. It was proven that it was the duty of Yetter, in the regular course of the business in which he was employed, to

demonstrate cars to prospective purchasers. There could not be any bailment because no possession of the car was ever delivered by appellee to Blivens. Yetter was in the car as a servant of appellee and had possession and full control of the same at all times, and Blivens was simply driving the car at the time of the accident with the consent of Yetter as a part of the demonstration of the car. As a general proposition of law "the owner of a motor vehicle is ordinarily held liable for the negligence of one who is not in his employ but who is driving his car with the knowledge and consent and in the presence of his agent or employee and upon his business, although the agent or employee has no authority to engage an assistant or to permit another to drive, and even though he has been ordered not to permit others to drive the car." 42 Corpus Juris, p. 1096, sec. 858. In this case there is no question but that Yetter was acting in the course of the business of appellee and that in the furtherance of his duty in demonstrating the car to Blivens, a prospective purchaser, he could in his discretion permit Blivens to operate the car. It is further stated as a proposition of law in Corpus Juris, *supra*:

"The owner of an automobile is liable for the negligence of a prospective purchaser in driving the car under the direction and guidance of an employee of the owner."

The Supreme Court of Alabama held in the case of *Emison v. Wylam Ice Cream Co.*, 215 Ala. 504:

"We do not approve the doctrine that a servant can, without authority, abandon the master's service, and substitute another person in his place, so as to make the master responsible for the acts of the substituted servant. But, when the servant has been intrusted with an instrumentality which he is instructed to use in the prosecution of the master's business, we think it is sound both in principle and in policy to hold the

master responsible for the servant's injurious use of that instrumentality in the performance of his authorized service, even though the servant had intrusted the particular service to the hands of a third person who was acting for him and under his direction; and, in such case, we can recognize no valid distinction between a case where the servant was present with his assistant at the time and place of the accident and a case where the servant was elsewhere. In each case the servant uses the instrumentality for the purpose intended and authorized, and in each case the directed act of his assistant is equally the act of the servant.''

In the case of *Doyon v. Massoline Motor Car Co.*, 98 N. J. L. 540, the trial court charged the jury in substance that:

"It makes no difference which one of these men, Musante (the prospective purchaser), or Hvozdik (the salesman) was operating the automobile, because the car was being demonstrated by Hvozdik for Musante, the probable purchaser; that the car was being driven under the direction and guidance of Hvozdik who was the employee of the owner; the circumstances in this case are such that if either Hvozdik or Musante was negligent in the operation of this automobile, the defendant is responsible for that negligence.''

The Supreme Court in discussing the propriety of this charge said:

"We are also of the opinion that the trial court ruled and charged the jury properly on the subject of the responsibility of the dealer for the operation of the automobile. Hvozdik, the demonstrator, was acting within the scope of his employment and in pursuance of the custom of his employer in permitting Musante to drive the car. It was a part of the demonstration. It was done to promote the sale of the car. Musante was driving under the direction of Hvozdik. So far as the dealer's responsibility was concerned, it

made no difference whether Hvozdik was driving the car or Musante, as under the circumstances, each, when driving, was the agent of the dealer.''

In our opinion under the circumstances shown by the evidence in this case appellee was responsible for any injuries to appellant caused by the negligence of Blivens in the driving of the car and that the question whether there was any such negligence should be submitted to the jury to determine.

The trial court erred in giving the eleventh instruction on behalf of appellee and the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*