John Katsinas, Appellee, v. Colgate-Palmolive-Peet Company, Appellant. George Hoffman, Defendant.

Gen. No. 9,121.

348

Opinion filed January 24, 1939. Rehearing denied April 4, 1939.

DOBBINS, DOBBINS & THOMAS, of Champaign, for appellant; R. F. DOBBINS and JOHN J. BRESEE, of Champaign, of counsel.

BUSCH, HARRINGTON & TATE, of Champaign, for appellee; EARL C. HARRINGTON and C. E. TATE, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

The plaintiff, John Katsinas, appellee here, brought suit in the circuit court of Champaign county against the Colgate-Palmolive-Peet Company, a corporation, the appellant, and George Hoffman, to recover damages for injuries received by appellee in an automobile accident. The complaint consists of two counts, in each of which it is charged that the defendant George Hoffman, negligently operated his automobile so that it collided with the automobile of the appellee causing the damages for which the action was brought. The complaint further charged that at the time of the collision the defendant Hoffman was the agent and servant of the Colgate-Palmolive-Peet Company.

The appellant answered denying all the material allegations of the complaint. George Hoffman, the other defendant, filed his written entry of appearance but filed no other pleadings in the cause and appeared only as a witness for appellee.

On the trial before a jury, a verdict was returned in favor of the appellee for the sum of $3,500, on which judgment was entered. The Colgate-Palmolive-Peet Company, the only appellant seeks to reverse such judgment by this appeal.

The accident happened in the city of Champaign at the intersection of Neil street which runs north and south, and Springfield avenue, which runs east and west. Neil street at this intersection was State Route No. 25 and Springfield avenue was State Route No. 10. Regulation State stop signs were in place on the east and west sides of Neil street at Springfield avenue.

On the 3rd day of October, at about the hour of 11:15 p. m. the appellee, John Katsinas, was driving a Pontiac sedan owned by him in a southerly direction on South Neil street. He was the owner of two restaurants and taverns in the city of Champaign and was familiar with the intersection. He testified that on the evening in question, he was driving about 20 miles per

hour and as he approached the intersection with Springfield avenue he looked to the left and saw no one approaching from the east. On looking west he saw a car about 150 to 175 feet to the west and he then proceeded into the intersection. When he reached a point where the front of his car was practically even with the south side of the intersection, the car coming from the west, driven by the defendant George Hoffman, crashed into the right side of appellee's car, knocking his car to the southeast corner of the intersection. The Chevrolet coach, driven by Hoffman, was turned over in the intersection. Appellee was severely injured and taken to the Burnham Hospital in Champaign. Hoffman was also seriously injured.

A witness, William Marshky, called by the appellee, testified that he was a resident of the city of Champaign and quite familiar with the intersection where the accident occurred; that on the night in question he was driving north on Neil street and approached the intersection at about the same time with appellee; that he observed both cars approaching and as he looked the car from the west was traveling at a speed of 15 or 20 miles per hour and was then 10 or 15 feet west of the intersection. After he passed the intersection the collision occurred. There were no other eye-witnesses to the accident.

The record presents the following questions to be determined by this court: 1. The effect of alleged prejudicial remarks by the trial court. 2. Did John Katsinas, the appellee, fail to prove that he was in the exercise of due care for his own safety? 3. Was there competent testimony showing that George Hoffman was guilty of negligence? 4. What was the relationship between the appellant corporation and the defendant George Hoffman? 5. Refusal of instruction offered by appellant.

It is well settled that the law does not permit the Presiding Judge to give to the jury his opinion on a

controverted question of fact. *Andreas v. Ketcham,* 77 Ill. 377. Such opinions might readily bias or prejudice a jury as to any material fact in controversy. We have carefully examined the remarks complained of and while it might be said that the trial court expressed some impatience over the amount of time consumed on one phase of the evidence, there was no expression of an opinion on any really controverted question of fact. Neither do we find there was any such comment by the Presiding Judge on the manner of conducting the trial of the case that could be construed as prejudicial.

The question of contributory negligence is one pre-eminently for the consideration of a jury as such negligence cannot be defined in exact terms, and unless it can be said that the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of the jury. *Blumb v. Getz,* 366 Ill. 273. The question of due care on the part of a plaintiff is always a question of fact to be submitted to a jury whenever there is any evidence in the record which, with any legitimate inference that may reasonably and legally be drawn therefrom, tends to show the exercise of due care on the part of such plaintiff. *Thomas v. Buchanan,* 357 Ill. 270. The testimony of the appellee and the witness Marshky contains facts which compelled the trial judge to submit the question of contributory negligence to the consideration of the jury, and prevented him from finding, as a matter of law, that Katsinas failed to prove that he was in the exercise of due care for his own safety just prior to and at the time of the accident.

The same set of facts and the same authorities are also conclusive on the question of the negligence of the defendant George Hoffman. The testimony of appellee that at the time he entered the intersection the automobile of Hoffman was then 150 feet west of Neil Street; that appellee was struck when he proceeded immediately into the intersection at a point when the

front of his car reached a point almost at the south line of the intersection, coupled with the fact that there was a State stop sign on Springfield avenue just west of Neil street, are all facts from which the jury might legitimately and reasonably infer negligence by Hoffman in the operation of his car.

The evidence showed that Hoffman was employed by the Colgate-Palmolive-Peet Company as a display man and salesman; that it was necessary for Hoffman to have a car; that he acted under the instructions and supervision of the supervisor of sales for appellant in central Illinois; that while there was a conflict in the evidence as to where Hoffman was on the evening and night of the accident; the testimony of appellee's witnesses, other than Hoffman, stated positively that he called upon merchants in Monticello, Cisco and Argenta between the hours of 7 and 9 o'clock on the evening of October 3rd, and that the said towns were from 20 to 40 miles distant from the city of Champaign. There was further evidence of his reporting to the appellant company as to his location for the night, his manner of reporting expense accounts and his movements for each day and the fact that his automobile just after the accident contained a supply of display cards and certain samples and products of the appellant corporation. Hoffman was required to cover territory as directed by the supervisor of sales but his method of operation proceeded without apparent interference by his employer. The supervisor of sales had the power to discharge Hoffman at any time. Where the work is not of a character requiring a great deal of supervision, failure to supervise does not change the relationship of employer and employee. *Franklin Coal & Coke Co. v. Industrial Commission*, 296 Ill. 329. Since the contract of hiring in this case was not in writing and could only be shown by parol evidence, the determination of its terms was properly submitted to the jury under proper instructions by the court. *Shannon v.*

*Nightingale,* 321 Ill. 168. *Thiel v. Material Service Corp.,* 283 Ill. App. 46. In the present case we do not think the court erred in submitting to the jury the question as to whether or not George Hoffman was an independent contractor or acting as an agent and servant of the appellant at the time of the injury.

Lastly, the appellant contends that the court erred in refusing to give to the jury a peremptory instruction covering the question just reviewed. In three or four other instructions offered by appellant and given to the jury the principle of law embodying the doctrine of master and servant and the duty of the appellee to show that the servant or agent was acting within the scope of his employment at the time of the injury complained of were fully covered. We believe the jury were properly and fully instructed as to the law applying to the facts in this case.

Finding no substantial error in the record the verdict of the jury and the judgment of the circuit court will be affirmed.

*Affirmed.*