Roberta Bassi, Plaintiff-Appellee, v. Richard Morgan, Jr., and Charles Humiston, Defendants, (Richard Morgan, Jr., Appellant).

Gen. No. 49,630.

First District, Fourth Division.

May 12, 1965.

Rehearing denied and opinion modified June 18, 1965.

O'Brien, Hanrahan, Wolfe & Been, and Harry I. Parsons, of Chicago (Norton Wasserman and Charles D. Snewind, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Roberta Bassi, plaintiff, sued Richard Morgan, Jr., the driver of the car in which she was riding, and Charles Humiston, the driver of another vehicle which had collided with the Morgan vehicle. The case was tried in the Superior Court of Cook County, with a jury. The jury returned verdicts in favor of plaintiff against Morgan in the sum of $40,000, and in

favor of Humiston and against plaintiff. The trial court entered judgment on both the verdicts and the defendant, Morgan, takes this appeal.

The plaintiff had filed a 3-count complaint. In count I she alleged that on May 20, 1956, near the town of Angola, Indiana, she was riding as a nonpaying guest-passenger in a motor vehicle driven by Morgan; that Humiston was operating a motor vehicle; that Morgan violated his duty not to cause injury to the plaintiff by wilfully, wantonly and maliciously driving his motor car in violation of the statutes of Indiana; and that as a consequence of his said conduct his motor vehicle was caused to collide with a motor vehicle operated by Humiston, causing personal injuries to the plaintiff.

In count II the plaintiff complained of the defendant, Humiston, and alleged that he negligently operated the motor vehicle he was driving.

In count III the plaintiff charged Morgan and Humiston jointly with what she had charged each of them individually in counts I and II.

Humiston filed an answer to the complaint. Morgan made a motion for summary judgment, which was overruled, and thereupon filed an answer to the complaint. In the answer he denied that the plaintiff was riding in his automobile as a nonpaying passenger or guest, and alleged that at the time and place in question she was in the course of her employment as defendant Morgan's employee. He also filed three affirmative defenses which in substance alleged that at the time and place mentioned in plaintiff's complaint, both plaintiff and defendant were operating under and were bound by the provisions of the Illinois Workmen's Compensation Act; that the occurrence mentioned in the complaint arose out of and during

3

the course of plaintiff's employment; and that by reason of the provisions of section 5 of the said Act the plaintiff had no common law action against the defendant. It was also alleged that the plaintiff had elected to accept compensation under the provisions of the Illinois Compensation law by filing an application for an adjustment of claim before the Illinois Industrial Commission against Morgan and that the plaintiff was paid and accepted money from the insurance company.

The plaintiff replied to the answer and denied that her status in Morgan's automobile was that of an employee, and instead realleged that she was at the time a nonpaying guest-passenger; that although she had been employed by Morgan, she was not, at the time and place in question, in the course and scope of her employment. In her reply to the affirmative defenses she admitted that she had filed an application for an adjustment of claim before the Illinois Industrial Commission, but denied she had a cause of action by reason of accepting payment thereunder. She admitted that she and Morgan were working under and bound by the provisions of the Illinois Compensation Act on and prior to the date in question, but she alleged that at the time of the occurrence she was going to a town in Pennsylvania for the primary purpose of meeting her sister to spend a few days from the office as a vacation, and that she was not then in the course of her employment.

Defendant Morgan did not appear as a witness at the trial although an attempt had been made by the plaintiff to subpoena him and to have him ordered to appear.

During the trial of the case defendant Morgan offered the application for adjustment of claim which had been made by the plaintiff to the Illinois Industrial Commission. In that application, which was

·4

signed by the plaintiff by and through her attorney, it was stated that the plaintiff was injured in an accident on May 20, 1956, "arising out of and in the course of her employment by Richard Morgan, Jr. and Richard Morgan III d/b/a Morgan Wallpaper Company." The court sustained the objection of the plaintiff to the admission of the application. The plaintiff had testified she knew her attorney had filed such a petition and that she was being paid temporary compensation as a result of the accident, although there was no adjudication by the Industrial Commission and the money was paid on a voluntary basis by the insurance company representing the defendant, Morgan.

Subsequently, the court sustained the plaintiff's motion to strike the affirmative defenses which raised the issue of whether or not the injury occurred because of and during the course of plaintiff's employment. Had the defendant been able to prove his affirmative defense the plaintiff would not have been entitled to bring a common law action under section 5 of the Industrial Compensation Act. Neither could it be said that she was then a guest-passenger in Morgan's car. The trial court would not have been justified in striking the affirmative defenses in question had it not refused to admit in evidence the application which plaintiff had made to the Industrial Commission. The application to which the plaintiff had authorized her attorney to sign her name was an evidentiary admission. It was relevant, and such admissions are substantive evidence and are ordinarily admissible. Such an admission, had it been admitted, could have been considered by the jury in connection with any explanation which the plaintiff saw fit to offer, and the jury could have considered it in determining whether or not the accident arose out of and in the course of plaintiff's employment. In other words,

while it was admitted that the plaintiff was employed by the defendant, the question of her status as an employee at the time of the occurrence would have been in issue. The mere fact that an application was made before the Industrial Commission, and that payments were made to the plaintiff is not conclusive. Walsh v. Central Cold Storage Co., 324 Ill App 402, 58 NE2d 325; Flood v. Bitzer, 313 Ill App 359, 40 NE2d 557. The case of Springer v. Illinois Transit Lines, Inc., 318 Ill App 403, 48 NE2d 206, which is relied upon by the plaintiff, is not applicable. In that case the issue was as to whether or not the decedent at the time he received the injuries was an employee or an independent contractor, and the court distinguished Flood v. Bitzer, supra, pointing out that the question was whether at the time of the accident the injured party was acting within the scope of his employment.

In the instant case, because of the trial court's error in refusing to admit the application to the Industrial Commission offered by the defendant, and the consequence which followed because of such failure; to wit, the striking of the affirmative pleas of the defendant, the judgment entered must be reversed.

There is another matter, however, which requires consideration: had the plaintiff been a guest-passenger she could only recover if she had proved that the defendant was guilty of wilful and wanton conduct. In his post-trial motion Morgan asked that the court enter judgment notwithstanding the verdict. In his motion he set out, among other things, that the plaintiff had failed to offer any evidence which proved or tended to prove that Morgan was guilty of wilful and wanton conduct. It is the well recognized rule in Illinois that the lex loci delicti should be applied. The Guest Statute in Indiana (Title 47, Chapter 10, sec 47–1021 Ind Stats) is controlling. Colligan v. Cousar,

6

38 Ill App2d 392, 187 NE2d 292, and cases therein cited on page 401.

In Cooper v. Cox, 31 Ill App2d 51, 175 NE2d 651, the court held that the Indiana statute provides that a guest-passenger cannot recover under the Act unless his injuries were caused by the wilful or wanton misconduct of the defendant; that the Indiana courts have interpreted the statute to mean the conscious and intentional doing of a wrongful act or the omission of some duty, with a reckless indifference to the consequences, under circumstances showing that the actor knew of the conditions existing and that injury would probably result. Brown v. Saucerman, 237 Ind 598, 145 NE2d 898, 902; Swinney v. Roler, 113 Ind App 367, 47 NE2d 846. It is also pointed out in the Cooper case that

> "Where the lex loci delicti creates a cause of action conditioned upon the application of a particular standard of care, and such standard has been defined by judicial decisions of the place of the wrong, as in the Indiana cases cited, the standard of conduct as thus defined should be applied by the forum in which the action has been brought. Restatement, Conflict of Laws, § 380(2) (1934)."

In the instant case the evidence in the record, taken in its most favorable aspect to the plaintiff,* is that there was an incline up to the crest of a hill near which the collision took place. The accident occurred at about 11:00 a. m. on a clear, dry, warm and sunshiny day. One Lavon Johnson, who lived in a farmhouse on the north side of the road near the crest of

---

* This is the rule to be applied on defendant's motion for judgment notwithstanding the verdict.

the hill, had taken her son to work and was returning to her home, driving a Chevrolet truck in an easterly direction at a slow rate of speed. There was a service station, known as the Fifth Wheel, on the south side of the highway, approximately 100 feet west of her home. Before she arrived at the filling station she had put on her turn signal and had also put out her left arm to indicate that she intended to turn into the driveway to her home. In order to enter her driveway she would have had to cross a portion of the road which would have been occupied by cars going in a westward direction. As she approached the driveway, she noticed a car coming up the slope on the other side of the hill from the east (the Humiston car), and she came to a stop because the car was going too fast for her to cross the highway in front of it. Evelyn Moor was driving her car east on the highway, behind the Chevrolet truck driven by Mrs. Johnson. When she came to the stop she also put on her turn signal light. The Johnson truck had stopped and the Moor car also stopped about half a length behind. The car driven by Morgan was following the Moor car. There was evidence in the record that the Morgan car had approached the scene of the occurrence at a speed of 70 to 75 miles per hour. The legal speed limit was 65 miles per hour.

The car driven by Humiston was going in a westerly direction; the Johnson, Moor and Morgan vehicles were going in an easterly direction. Humiston was driving at approximately 60 miles per hour. Morgan continued to drive at the same speed until he was approximately 100 feet west of the Moor car, at which time he apparently put on his brakes and skidded, veering into the westbound lane, where he collided with the Humiston car.

In Eikenberry v. Neher, 126 Ind App 571, 134 NE2d 710, the court said:

8

". . . To hold one guilty of 'wilful' or 'wanton' conduct, it must be shown that he was conscious of his conduct and with knowledge of existing conditions that injury would probably result, and with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some duty which produced the injuries. [Citing cases.]"

In that case it was further stated:

"In the case of Trent v. Rodgers, 1952, 123 Ind App 139, 104 NE2d 759, 764, quoted with approval in the case of Rickner v. Haller, 1954, 124 Ind App 369, 116 NE2d 525, this court said:

"'In order to hold the host driver liable by reason of wilful and wanton misconduct, his knowledge of existing conditions and consciousness that from his act or omission injury will likely result to another, is not the knowledge of a particular fact or knowledge that a motor vehicle was approaching at such time and place, at such speed and so closely that it *could not pass* [emphasis of the court], but it is sufficient if such host driver have a consciousness of conditions obtained through the exercise of his senses and *knowledge of the likelihood of an injury to his guest as a result of his conscious acts.*' (Our emphasis.)"

The court held that in that case the question was one of fact.

In Miller v. Smith, 125 Ind App 293, 124 NE2d 874, it is said that the question as to whether the accident was caused by the wanton or wilful misconduct of the defendant should be left to the jury in all cases where there is any conflict in the evidence or where different inferences from the testimony given might be reason-

ably drawn. This case is quoted with approval in Brown v. Saucerman, 237 Ind 598, 145 NE2d 898.

■ As we have pointed out, defendant Morgan did not take the stand and the plaintiff testified that before the accident, while driving, he was engaged in conversation with her. It is the rule that where a witness who has knowledge of the facts and is accessible to a party but is not called by him, a presumption arises that his testimony would be adverse to that party. An instruction could or should be given by the court to that effect upon request. Petersen v. General Rug & Carpet Cleaners, Inc., 333 Ill App 47, 77 NE2d 58. This rule applies with greater force to a party who refuses to testify in his own behalf.

■ In the case before us, under the Indiana law, the question is one for a trier of the facts to determine. The court could not properly direct a verdict in favor of the defendant or allow a motion for judgment notwithstanding the verdict.

The judgment of the Superior Court of Cook County is reversed and the case is remanded for a new trial.

Reversed and remanded.

ENGLISH and DRUCKER, JJ., concur.