NOREEN MORAN, Plaintiff-Appellee, v. JOSEPHINE S. TOMITA, Defendant-Appellant.

First District (3rd Division)    No. 77-407

Opinion filed October 26, 1977.

Klohr, Braun, Lynch and Smith, of Chicago (John T. Treacy and James W. Ford, of counsel), for appellant.

Reed, Lucas & Doherty, of Chicago (David H. Lucas, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiff, a passenger in defendant's automobile, brought this action to recover damages for injuries sustained in an automobile accident. Prior to trial, defendant moved to strike the complaint on the ground that at the time of the accident in question the parties were co-employees in the course of their employment and that the Illinois Workmen's Compensation Act (hereinafter the Act) (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*) therefore precluded common law recovery. The trial court denied the motion, and the defendant in her answer filed an affirmative defense setting forth the foregoing argument. After a jury trial, the plaintiff recovered a verdict for $21,275. The jury also answered a special interrogatory in the negative as to whether the parties were in the course of their employment at the time of the accident. The trial court denied defendant's motion for judgment *n.o.v.* and for a new trial, and entered judgment on the verdict. Defendant contends on appeal that as a matter of law plaintiff, under the provisions of the Act, was barred from common law recovery; that the trial court erred in not allowing evidence that plaintiff had filed a pending workmen's compensation claim; and that the trial court erred in refusing to instruct the jury on the definition of the term "course of employment."

In February 1973, the parties, both teachers employed by the Chicago Board of Education, were transferred to a new magnet school using innovative teaching programs. Since the school had not been completed, the newly assigned teachers, including the parties to the suit, had an

orientation period during the following month. The activities included visits to other schools. A list of such schools was compiled by the teachers themselves and the school assistant principal approved the list. There was no requirement by the Board of Education that the teachers visit other schools. There was no payment for travel time, no reimbursement for vehicle mileage, nor any compensation received from the Board for making such visits.

On March 14, 1973, the parties to the suit were going to visit and spend the morning at a Montessori school in Park Ridge, Illinois, as part of their orientation. Defendant offered to drive plaintiff to the Park Ridge school. She picked plaintiff up at her apartment in Chicago at about 8 a.m., and the accident occurred as they proceeded on an expressway. Both parties were receiving their regular salary from the Board on the day in question.

The parties stipulated that Board employees were covered by workmen's compensation and that plaintiff had filed an application for benefits under the Act which was pending. Defendant was not allowed to offer evidence of this claim to the jury.

Defendant initially contends that as a matter of law plaintiff was in the course of her employment while enroute to the Park Ridge school and that her exclusive remedy lies under workmen's compensation. We do not agree.

■■ ■ In *General Steel Castings Corp. v. Industrial Commission* (1944), 388 Ill. 66, 71, 57 N.E.2d 454, the supreme court stated:

"Whether the place at, and the time within which an employee in going to or returning from his work is accidentally injured, come within the scope of the employment so that the injury can be said to have arisen out of it, is a question of fact as to which the circumstances and therefore the application or nonapplication of the Workmen's Compensation Act differ."

Even when the relevant facts are not in dispute, a question of law is presented as to whether injuries arose out of and in the course of employment only where no conflicting inferences are capable of being drawn therefrom. (*Newgard v. Industrial Com.* (1974), 58 Ill. 2d 164, 317 N.E.2d 524; *Chicago Transit Authority v. Industrial Com.* (1975), 61 Ill. 2d 78, 329 N.E.2d 198.) In the present case, the facts were undisputed but conflicting inferences were capable of being drawn from those facts. As the plaintiff correctly observes, the defendant at trial emphasized the facts that the trip to Park Ridge was to a school different from their assigned building and that the Board knew of and allowed the trip. Plaintiff on the other hand stressed the facts that the Board had not required the trip, had not paid any transportation costs, and had given no instructions or directions to the parties regarding the trip. The jury heard all the evidence, including that relating to whether or not the parties were

in the course of their employment. That evidence was sufficient to support the jury's answer to the special interrogatory submitted by defendant and to support the verdict for plaintiff. See also *Kancevicius v. Moyer* (1971), 132 Ill. App. 2d 86, 269 N.E.2d 328.

Cases cited by the defendant for the proposition that the parties as a matter of law were in the course of their employment are clearly distinguishable from the case at hand. In *Sjostrom v. Sproule* (1965), 33 Ill. 2d 40, 210 N.E.2d 209, the parties were paid their travel expenses by their employer who furnished them with transportation and ordered them to travel in the manner they did. In *Benjamin H. Sanborn Co. v. Industrial Com.* (1950), 405 Ill. 50, 89 N.E.2d 804; *Lybrand, Ross Bros. & Montgomery v. Industrial Com.* (1967), 36 Ill. 2d 410, 223 N.E.2d 150; and *Irwin-Neisler & Co. v. Industrial Com.* (1931), 346 Ill. 89, 178 N.E. 357, the court emphasized that the activities in question were employer controlled. No such employer control is demonstrated or even suggested in the present case.

Most recently, in *Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, the supreme court barred plaintiff from asserting a common law action against defendant for injuries sustained while traveling home from a work site in a vehicle driven by defendant, a fellow employee. The court held that trips to and from various fields for corn-detasseling operations where the employer sent its employees were in plaintiff's course of employment. The court deemed it significant that the employer provided the transportation as a business necessity since no public transportation was available and work hours and sites varied from day to day. Once again the court emphasized that employer control of transportation, absent in the present case, is an important factor in determining whether trips to and from work are in the course of employment.

The defendant next contends that the trial court erred in not allowing her to present evidence to the jury that the plaintiff had filed a claim for benefits under the Workmen's Compensation Act.

■■ In *Springer v. Illinois Transit Lines, Inc.* (1943), 318 Ill. App. 403, 48 N.E.2d 206, this court held that plaintiff's petition to the industrial commission was properly excluded as immaterial. In so holding, the court stated at page 409: "The allegation in such petition as to employment did not tend to establish or change the actual status of the decedent at the time he received the injuries." In *Redmon v. Sooter* (1971), 1 Ill. App. 3d 40, 274 N.E.2d 200, this court ruled that the exclusion of plaintiff's application to the industrial commission did not constitute reversible error. The court stated at page 411: "Such a statement is not, in any case, conclusive and essentially we agree with the *Springer* opinion that determination of plaintiff's legal status, which is an ultimate issue, must be drawn from factual circumstances surrounding his relationship with

Green Giant Corporation rather than from his own conclusional statement, self-serving when made." In *Redmon*, the court pointed out that the jury had heard the testimony of witnesses concerning plaintiff's employment, that the subject had been covered in final argument, and that the jury had been instructed on defendant's affirmative defense. In the present case, both parties testified as to their employment status at the time of the trip to Park Ridge and regarding the board of education's role in that trip. Counsel referred to the subject of plaintiff's employment during closing argument, and the jury was instructed on defendant's affirmative defense. The issue of plaintiff's employment was treated thoroughly at trial, and the trial court did not err in excluding evidence that plaintiff had filed a claim for benefits with the industrial commission.

In *Bassi v. Morgan* (1965), 60 Ill. App. 2d 1, 208 N.E.2d 341, a judgment for plaintiff was reversed and remanded by the court because of the trial court's refusal to admit into evidence plaintiff's application to the industrial commission, but also because the exclusion of that evidence resulted in the trial court's striking of defendant's affirmative defense. As we have noted, the affirmative defense in the instant case was argued and submitted to the jury.

Defendant's final contention is that the trial court committed reversible error in refusing to instruct the jury on the definition of the term "course of employment."

■■ In the case of *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247, the supreme court, while considering a Structural Work Act case, held that it was not necessary to provide the jurors with a definition of the statutory words "having charge of." The court, citing *Nowak v. Witt* (1957), 14 Ill. App. 2d 482, 144 N.E.2d 813, found that words, used in their conventional sense, need not be defined or explained in instructing the jury. The court described the term as one of common usage and understanding, and stated that further attempt at definition could only lead to confusion and error. Similarly in the present case, we believe that the term "course of employment" is neither technical nor legal to the extent that it would require definition for the jury. The trial court properly refused defendant's request to submit an instruction to the jury defining the term.

Defendant's reliance on *Assise v. Dawe's Laboratories, Inc.* (1972), 7 Ill. App. 3d 1045, 288 N.E.2d 641, is misplaced. In that case, this court reversed a judgment for defendant in a Structural Work Act case because the word "wilful" had not been defined for the jury. This court held that the word "wilful" as set out in the Structural Work Act is not used in its ordinary sense. We believe that the term "course of employment" in the Workmen's Compensation Act is used in its ordinary, conventional sense.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.